IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-01089-KDB-DCK

| | |
|---|---|
| BRENDA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff Brenda Smith's appeal of an unfavorable administrative decision denying her application for supplemental security income under the Social Security Act (Doc. No. 7); Defendant Commissioner of Social Security's ("Commissioner") Response (Doc. No. 8); the Administrative Record ("AR") (Doc. No. 4); the Memorandum and Recommendation ("M&R") of the Honorable Magistrate David C. Keesler (Doc. No. 10), which recommends that the Commissioner's decision be affirmed; and Plaintiff's Objections to the M&R (Doc. No. 11). Having reviewed and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds the Commissioner's decision to deny Ms. Smith's Social Security benefits is supported by substantial evidence and uses the correct legal standards. Accordingly, the Court will adopt the M&R in part and the Commissioner's decision will be **AFFIRMED**.

**I. LEGAL STANDARD**

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28

1

U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (internal quotation marks and citation omitted). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II.   DISCUSSION

The Court has conducted an independent review of the M&R, Plaintiff's objections (which largely repeat the arguments he made before the Magistrate Judge), and a de novo review of the applicable record. Upon that review, the Court concludes that the recommendation to affirm the Commissioner's finding that Plaintiff was not disabled under the Social Security Act during the relevant period is correct and in accordance with law.[1] The Court agrees that the ALJ's findings

---

[1] Plaintiff alleges that the M&R misstated the relevant disability period when it suggested that the review period began at Plaintiff's alleged onset date of "March 8, 2017," as opposed to the application date of March 8, 2021. Doc. No. 11 at 2–3. The Court agrees with Plaintiff—and the ALJ—that the relevant period determining disability on an SSI claim begins on the application date, here, March 8, 2021. *See* 20 C.F.R. § 416.202(g) (stating that claimant not eligible for SSI benefits until he files application); *see also id.* § 416.501 ("Payment of benefits may not be made for any period that precedes the first month following the date on which the application is filed...."). Although the Court will decline to adopt this and any portion of the M&R that references a lack of treatment prior to the application date, the remainder of the analysis remains legally sound.

2

Case 3:24-cv-01089-KDB-DCK    Document 12    Filed 03/09/26    Page 2 of 5

were "based on a comprehensive and thorough review of the evidence in the record, and the ALJ did not cherry-pick or otherwise mischaracterize the evidence." *See Fowls v. Comm'r of Soc. Sec.* No. 1:22-CV-00271-KDB-DCK, 2024 WL 3433667, at *2 (W.D.N.C. July 16, 2024).

Specifically, the M&R first correctly concluded that the ALJ did not err in evaluating Plaintiff's history of migraines. Indeed, the ALJ acknowledged that Plaintiff reported having headaches a few times per week, and that she had received treatment, including medication, for them. Doc. No. 4-2 at 39, 43. The ALJ further noted that the medication treatment was generally effective. *Id.* at 39. Although Plaintiff highlights portions of the record reflecting continuing migraines—and it is true that her migraine medication was changed once and her maximum daily dosage increased once (*see* Doc. Nos. 4-11 at 184, 224, 495), the record also contains numerous instances in which Plaintiff denied headaches and reported that her migraine medication was working well, including during her hearing before the ALJ. *See* Doc. Nos. 4-2 at 67; 4-7 at 6, 106; 4-8 at 72, 105; 4-10 at 93, 127; 4-12 at 43.

As the Fourth Circuit has emphasized, where "the medical sources arguably point in different directions," it is the ALJ's duty as the factfinder to resolve the conflicting medical evidence. *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (quoting *Richardson v. Perales*, 402 U.S. 389, 399 (1971)). When the ALJ fulfills that duty by applying the proper factors, the court should not "Monday-morning-quarterback the decision unless it is exceptionally clear that the ALJ made a mistake." *Id.* Courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for the ALJ's." *Id.* (quoting *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)) (additional citations and internal quotations omitted). Thus, "[w]here conflicting evidence allows reasonable

minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.* (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation modified).

Here, the ALJ weighed the conflicting medical evidence concerning Plaintiff's migraines and reasonably concluded that her reported symptoms were "not entirely consistent with the medical and other evidence in the record." Doc. No. 4-2 at 43. The ALJ also explained why he found that Plaintiff's migraines resulted in no more than mild limitations on her ability to work. *See id.* at 39. The Court therefore concludes that the ALJ's determination is supported by substantial evidence, and the Court will adopt the relevant portion of the M&R and affirm the Commissioner on this issue.

The M&R also correctly determined that the ALJ properly evaluated Plaintiff's testimony and the medical record regarding the combined impact of her impairments on her ability to work and supported the residual functional capacity ("RFC") finding with substantial evidence. *See id.* at 38 (Plaintiff reported "low back pain … treated with ketorolac injections." Her weakness and instability appeared related to her "obesity and knee pain."); 40 ("Recent records show a normal gait," and "normal range of motion."); 42 (Plaintiff alleges that "knee pain affects her ability to walk," and "back pain causes problems with standing."). Under the "substantial evidence" standard, the Court asks only whether the administrative record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). The threshold "is not high." *Id.* at 103.

Here, the ALJ considered both the subjective and objective evidence and explained that the RFC "fully accommodates all of the claimant's physical and mental impairments, severe- and non-severe, alone and in combination, including all associated symptoms and limitations." Doc. No. 4-2 at 45. The RFC specifically accounts for Plaintiff's non-severe back pain and her severe obesity

4

and knee pain by limiting her to sedentary work (which primarily involves sitting, and accounts for her obesity and reported back and knee pain) with additional postural restrictions: she may "never climb ladders, ropes, or scaffold," and may only occasionally "climb ramps or stairs"; "kneel, crouch, crawl, [and] balance and stoop." *Id.* at 42. Although the ALJ employed some boilerplate language about considering Plaintiff's severe and non-severe conditions "alone and in combination," that is immaterial where, as here, the decision is otherwise supported by substantial evidence. *Id.* at 45. Because the M&R correctly concluded that the ALJ supported his decision with substantial evidence, it would be inappropriate for this Court to reweigh the evidence and supplant the ALJ's considered judgment. Accordingly, the Court will adopt the M&R and affirm the Commissioner on this issue as well.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 10) is **ADOPTED** in part**,** as set forth above**;**

2. Defendant's Motion to Affirm the Commissioner's Decision (Doc. No. 8) is **GRANTED**;

3. Plaintiff's Social Security Appeal (Doc. No. 7) is **DENIED**;

4. The Commissioner's Decision is **AFFIRMED**; and

5. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 9, 2026

Kenneth D. Bell
United States District Judge